UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BRENDA L. VALENCIA, INDIVIDUALLY AND ON BEHALF OF JAV, A MINOR; ELVA LETICIA VEGA, INDIVIDUALLY, AND ON BEHALF OF THE ESTATE OF RAMON VALENCIA MORFIN; AND CLAUDIA VALENCIA, | § § § § § § § | |
| Plaintiffs, | § § | Civil Action No. |
| v. | § § | _____ |
| MANAGEMENT AND TRAINING CORPORATION D/B/A MTC, | § § § | |
| Defendant. | § § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332 and § 1446, Defendant, MANAGEMENT & TRAINING CORPORATION (hereinafter "MTC"), files this Notice of Removal for Cause No. 2018-CV-0276-A from the 197th Judicial District Court, Willacy County, Texas.

## TIMELINESS

This action was originally commenced in the 197th Judicial District Court, Willacy County, Texas on the 5th day of July, 2018, by filing of Plaintiffs' Original Petition. MTC first received a copy of Plaintiffs' Original Petition on July 16, 2018. Thus, Defendant's Notice of Removal is timely filed as thirty (30) days have not elapsed since the time MTC was served with a copy of Plaintiffs' Original Petition in this case.

## NATURE OF CASE

This Notice of Removal is filed pursuant to 28 U.S.C. § 1441(a). This suit is a civil action brought in a state court in which the district court of the United States has original jurisdiction, and it is removed by the Defendant to the district court of the United States for the

district and division embracing the place where this action is pending. Moreover, there is complete diversity of citizenship between Plaintiffs and Defendant because they are citizens and residents of different states pursuant to 28 U.S.C. § 1332(a).

**BACKGROUND**

On March 17, 2015, Plaintiffs filed their Original Petition in the 197th Judicial District Court, Willacy County, Texas, Cause No. 2018-CV-0276-A, which names Management & Training Corporation as Defendant. MTC was served on July 16, 2018. *See* Green Card with copy of USPS Tracking page from the United States Postal Service website indicating service on CT Corporation Service attached as Exhibit C. Plaintiffs describe themselves as resident citizens of Hidalgo County, Texas. *See* Plaintiff's Original Petition, ¶¶ 2, 3 and 4. MTC is a Delaware corporation.

More specifically, Plaintiffs allege that Ramon Valencia Morfin committed suicide on July 15, 2016 while he was housed at the Willacy County Regional Detention Facility in Raymondville, Willacy County, Texas while the facility was being operated by MTC. Plaintiffs further allege that Ramon Valencia Morfin committed suicide as a result of MTC's negligence. Plaintiffs seek a recovery of survival and wrongful death damages based on the death of Ramon Valencia Morfin.

**BASIS OF FEDERAL JURISDICTION**

Federal district courts have original jurisdiction of civil actions where the matter in controversy exceeds the value of $75,000, exclusive of costs and interest, and is between citizens of different states or citizen of a state and citizen of a foreign state. 28 U.S.C. § 1332(a).

A. **Diversity Of Citizenship**

A corporation is deemed to be a citizen of any state in which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The principal

2

place of business is where the corporation actually directs, controls, and conducts its business. *Hertz Corp. v. Friend,* 130 S. Ct. 1181, 1190-92 (2010).

On July 5, 2018, the date of the filing of this action, and at all times thereafter, up to and including the present, Plaintiffs were citizens of the state of Texas, and Defendant MTC, was and is now a foreign corporation not incorporated under the laws of the state of Texas nor having its principal place of business in the state of Texas. Defendant is a Delaware corporation with its principal place of business at 500 N. Marketplace Drive, Centerville, Utah 84014. Accordingly, there is complete diversity of citizenship between Plaintiffs and Defendant.

**B.** **Amount In Controversy**

The Court may look to the substance and nature of the injuries and damages described in the pleadings. *See Gebbia v. Wal Mart Stores, Inc.,* 233 F.3d 880, 882-83 (5th Cir. 2000); *see also De Aguilar v. Boeing Co.,* 11 F.3d 55, 57 (5th Cir. 1993) (stating that where it is "facially apparent" from the state-court petition that the amount in controversy exceeds the jurisdictional minimum, then the defendant need only point out such fact to successfully bear its burden).

Plaintiffs allege that they are entitled to recover survival action damages and wrongful death action damages based on the suicide death of Ramon Valencia Morfin. Petition at ¶¶ 39-42. Plaintiffs state that they "sue for these damages in an amount in excess of the minimum jurisdictional limits of the Court, between $200,000 and $5,000,000." Petition at ¶ 7. Plaintiffs seek personal injury damages including pain and suffering, mental anguish, funeral expenses, medical expenses and exemplary damages. They also seek, wrongful death damages including loss of services, loss of earnings, future support, advice, care maintenance, mental anguish, loss of companionship and society and loss of consortium. Petition at ¶ 42 These allegations demonstrate that the amount in controversy exceeds $75,000.

4836-7202-0078.1/52089/0101/080618

MTC cites the Petition to demonstrate that the amount in controversy is over $75,000 (exclusive of interest and costs), and does not assert that such an award is in any way justified. Accordingly, this Court's jurisdictional amount is satisfied. 28 U.S.C. § 1332(a).

## PROCEDURAL REQUIREMENTS

### A. Venue

Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district.

### B. Timing Of Removal

This notice of removal is being filed within thirty (30) days of the date the Defendant was served with the Petition. 28 U.S.C. § 1446(b); *Brown v. Demco, Inc.,* 792 F.2d 478, 481-82 (5th Cir. 1986); *Delgado v. Shell Oil Co.,* 890 F. Supp. 1324, 1345 (S.D. Tex. 1995). Defendant MTC was served on July 16, 2018 and this notice is being filed on August 6, 2018.

### C. Consent

No other defendant is required to consent to the removal of this action because Defendant MTC is the only defendant which has been sued and no other defendant has been properly joined and served.

### D. Jury Demand

Plaintiff demanded a jury trial in her Original Petition filed in the state court action.

### E. Copies of State Court Documents

Copies of all pleadings, process, orders, and other filings in the state court are attached to this notice as required by 28 U.S.C. § 1446(a).

### F. Notice to State Court

Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending.

4836-7202-0078.1/52089/0101/080618

## CONCLUSION & PRAYER

For the reasons stated above, Defendant prays that the action now pending in the 197th Judicial District Court, Willacy County, Texas, as described herein, be removed to the United States District Court for the Southern District of Texas, Brownsville Division.

Dated: August 6, 2018               Respectfully submitted,

**CLARK HILL STRASBURGER**
2301 Broadway St.
San Antonio, Texas 78215-1157
(210) 250-6000 (Telephone)
(210) 250-6100 (Facsimile)


By: /s/ J. Alex Huddleston
        **JOHN ALEX HUDDLESTON**
        Attorney-in-Charge
        State Bar No. 10148400
        Southern District No. 1086
        alex.huddleston@clarkhillstrasburger.com
        **DEBORAH D. DI FILIPPO**
        State Bar No. 05478600
        Southern District No. 22910
        deborah.difilippo@clarkhillstrasburger.com

        **ATTORNEYS FOR DEFENDANT,**
        **MANAGEMENT & TRAINING**
        **CORPORATION**

4836-7202-0078.1/52089/0101/080618

## <u>CERTIFICATE OF SERVICE</u>

There undersigned hereby certifies that on August 6, 2018, a true and correct copy of the above and foregoing *Notice of Removal* has been sent to the following counsel of record by electronic mail and facsimile transmission to the e-mail addresses and fax number listed below:

> Mauro F. Ruiz
> Ruiz Law Firm, P.L.L.C.
> 118 W. Pecan Blvd.
> McAllen, Texas  78501
> Fax:  (956) 259-8203
> admin@mruizlaw.com
> mruiz@mruizlaw.com
> *Attorney for Plaintiffs*

 /s/ J. Alex Huddleston
JOHN ALEX HUDDLESTON

4836-7202-0078.1/52089/0101/080618

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BRENDA L. VALENCIA, INDIVIDUALLY AND ON BEHALF OF JAV, A MINOR; ELVA LETICIA VEGA, INDIVIDUALLY, AND ON BEHALF OF THE ESTATE OF RAMON VALENCIA MORFIN; AND CLAUDIA VALENCIA, | § § § § § § § | |
| Plaintiffs, | § § | Civil Action No. |
| v. | § § | _____ |
| MANAGEMENT AND TRAINING CORPORATION D/B/A MTC, | § § § | |
| Defendant. | § § | |

## LIST OF COUNSEL OF RECORD

**PARTIES**                                   **ATTORNEY(S)**

**PLAINTIFFS:**                               Mauro F. Ruiz
                                              Texas Bar No. 24007960
**BRENDA L. VALENCIA,**                       Ruiz Law Firm, P.L.L.C.
**INDIVIDUALLY AND ON**                       118 W. Pecan Blvd.
**BEHALF OF JAV, A MINOR;**                   McAllen, Texas  78501
**ELVA LETICIA VEGA,**                        Telephone:  (956) 259-8200
**INDIVIDUALLY, AND ON**                      Facsimile:   (956) 259-8203
**BEHALF OF THE ESTATE OF**                   admin@mruizlaw.com (e-file only)
**RAMON VALENCIA MORFIN;**                    mruiz@mruizlaw.com
**AND CLAUDIA VALENCIA**

**DEFENDANT:**

**MANAGEMENT & TRAINING CORPORATION**

John Alex Huddleston
Attorney-In-Charge
Texas Bar No. 10148400
Southern District No. 1086
alex.huddleston@strasburger.com
Deborah D. Di Filippo
Texas Bar No. 05478600
Southern District No. 22910
Clark Hill Strasburger
2301 Broadway St.
San Antonio, Texas  78215-1157
Telephone:  (210) 250-6000
Facsimile:  (210) 250-6100

4836-7202-0078.1/52089/0101/080618

BRENDA L. VALENCIA, INDIVIDUALLY §
AND ON BEHALF OF JAV, A MINOR; §
ELVA LETICIA VEGA, INDIVIDUALLY, §
AND ON BEHALF OF THE ESTATE OF §
RAMON VALENCIA MORFIN; AND §
CLAUDIA VALENCIA, §
                                     §             Civil Action No.
                Plaintiffs, §
                                     §           _____
    v. §
                                       §
MANAGEMENT AND TRAINING §
CORPORATION D/B/A MTC, §
                                     §
                Defendant. §

## <u>EXHIBITS</u>

The following documents are attached to comply with 28 U.S.C. §§ 1446(a) & (b).

| Exhibit A | Docket Sheet |
|---|---|
| Exhibit B | Plaintiffs' Original Petition with Discovery Requests & Demand for Jury Trial |
| Exhibit C | Return of Service of Citation and Petition on Management and Training Corporation d/b/a MTC |
| Exhibit D | Green Card on Citation Returned Executed with copy of USPS Tracking page from the United States Postal Service website indicating date of delivery |
| Exhibit E | Defendant Management & Training Corporation's Original Answer |
| Exhibit F | Letter from Alex Huddleston to Clerk of Court regarding request and payment for copies of documents in Court file |

There are no orders signed by the state court judge.

# Exhibit A

Home ▽ | Cases ▽ | Parties ▽ | Search ▽ | Reports ▽ | Letters ▽ | Maintenance ▽ | Calendar ▽ | Support | 14 New EFilings

Logout

## View All Events

New Case

View/Edit Case

Respondent

Petitioner

Other Party

Other Primary Party

Attorney

Court Registry

Child Support

Bond

Cash Bond

Events

Court Setting

Fee/Fine

Installments

Payment

Bill of Cost MTR

Bill of Cost

Preliminary Court Costs

Case Summary Report

Location History

Cause Number:
**2018-CV-0276-A**

File Location:

Court:
**197th District Court**

Case Id
**19554**

Filing Date:
**07/05/2018**

Case Type(s) / Re-Opens | Action Date
**1. Other: Civil** | **07/05/2018**

Disposition Date

Disposition Type

Style:
**Brenda L. Valencia, Individually and on Behalf of Jav, a Minor; et al. v. Management and Training Corporation D/B/A MTC**

Enter another Event

View all

select all

Select

Publish PDF document from multiple images.

### All Events

| # | Type | Date | Description | Image | Pages | Vol/Page | Sealed |
|---|------|------|-------------|-------|-------|----------|--------|
| 1. | Original Petition | 07/05/2018 | Plaintiffs' Original Petition w Discovery Requests & Demand for Jury Trial - EFiled on 07/05/2018 10:13 AM. Submitted by: Tomasa Belez (tbelez@mruizlaw.com) | 220402.pdf | 29 | | No |
| 2. | Citation Issued | 07/05/2018 | Citation Issued (emailed to atty) | 220412.tif | 2 | | No |
| 3. | Return Citation-Served | 07/23/2018 | Citation served-MTC - EFiled on 07/23/2018 8:50 AM. Submitted by: Tomasa Belez (tbelez@mruizlaw.com) | 221023.pdf | 4 | | No |
| 4. | Answer | 07/27/2018 | Defendant MTC Original Answer - EFiled on 07/27/2018 9:12 AM. Submitted by: Mary Eckert (mary.eckert@clarkhillstrasburger.com) | 221235.pdf | 5 | | No |

# Exhibit B

**CT Corporation**

**Service of Process Transmittal**
07/16/2018
CT Log Number 533702632

**TO:**     Dawn Call
Management & Training Corporation
500 North Marketplace Drive
Centerville, UT 84014-

**RE:**     **Process Served in Texas**

**FOR:**    Management & Training Corporation  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Brenda L. Valencia, Individually and on Behalf of Jav, A Monor; Elva Leticia Vega, Individually, and on Behalf of the Estate of Ramon Valencia Morfin; and Claudia Valencia, Pltf. vs. Management and Training Corporation, etc., Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Return, Petition, Interrogatories, Request, Attachment(s) |
| **COURT/AGENCY:** | 197th Judicial District Court, Cameron County, TX<br>Case # 2018CV0276A |
| **NATURE OF ACTION:** | Wrongful Death - Failure to Maintain Premises in a Safe Condition - 07/15/2016 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 07/16/2018 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | Before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof |
| **ATTORNEY(S) / SENDER(S):** | Mauro F. Ruiz<br>Ruiz Law Firm, P.L.L.C.<br>118 W. Pecan Blvd.<br>McAllen, TX 78501<br>956-259-8200 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/18/2018, Expected Purge Date: 07/23/2018<br><br>Image SOP<br><br>Email Notification,  Dawn Call  dcall@mtctrains.com<br><br>Email Notification,  Lisa Rich  lisa.rich@mtctrains.com<br><br>Email Notification,  Mary Barnes  Mary.Barnes@mtctrains.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **TELEPHONE:** | 214-932-3601 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



MATT HUGHES
217 DAFFODIL
McALLEN, TEXAS 78501



**CERTIFIED MAIL®**

7018 0680 0000 0868 9281



$8.25
US POSTAGE
FIRST-CLASS
062S0006987505
78501
JUL 1 1 2018

CT Corporation System
1999 Bryan Street, Ste. 900.
Dallas, Texas 75201-3136



# Citation

**THE STATE OF TEXAS**

To: **Management and Training Corporation D/B/A MTC**
   **c/o Reg. Agent, CT Corporation System**
   **1999 Bryan Street, Ste. 900**
   **Dallas, TX 75201-3136**

**Defendant** in the hereafter-styled and numbered cause **2018-CV-0276-A**

YOU ARE HEREBY COMMANDED TO APPEAR before the 197th District Court of **Willacy** County, Texas to be held at the courthouse of said county in the City of **Raymondville**, Willacy County, Texas, by filing a written answer to the **Original Petition with Discovery Requests & Demand for Jury Trial** of Plaintiffs **Brenda L. Valencia, Individually and on Behalf of Jav, a Minor; Elva Leticia Vega, Individually, and on Behalf of the Estate of Ramon Valencia Morfin; and Claudia Valencia** at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause number **2018-CV-0276-A** styled, **Brenda L. Valencia, Individually and on Behalf of Jav, a Minor; Elva Leticia Vega, Individually, and on Behalf of the Estate of Ramon Valencia Morfin; and Claudia Valencia v. Management and Training Corporation D/B/A MTC** filed in said court on this the **5th day of July, 2018.**

**Plaintiffs** are represented by **Mauro F. Ruiz** whose address is **118 W. Pecan, McAllen, TX 78501.**

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the
**5th day of July, 2018.**

Isabel Adame, District Clerk
of Willacy County, Texas
576 West Main Street, Suite 102
Raymondville, Texas 78580
BY:

NOTICE
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.
**Return to Court**

## Return of Citation

Came to hand on the __10th__ day of __July_____, 2018, at __12:15__ o'clock __P__.M.

*Executed at __McAllen, Texas_____, within the County of ____Hidalgo_____,

at _____ o'clock _____.M. on the _____ day of _____

_____, 2018, by delivering to the within named __Management and Training Corporation c/o C.T. Corporation__

via CMRRR 7018 0680 0000 0868 9281 ~~in person~~, a true copy of this such petition to such copy of citation

and endorsed on such copy of citation the date of delivery.

*Not executed, the diligence used to execute being _____;

for the following reason _____, the defendant may

be found _____.

Fee for serving this citation $_____

TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY

_____

Signature of person serving citation

_____County Texas

By _____Deputy

VERIFICATION

State of Texas

County of __Hidalgo_____

Before me, on this day personally appeared __Matthew M. Hughes_____, who being duly sworn on his oath deposed and said that he is of sound mind, and in no manner interested in the within styled and numbered cause, and competent to make the oath of the facts herein stated, and that he has read the foregoing Return of Citation and that every statement contained therein is within his personal knowledge true and correct.

_____

Signature of authorized person serving citation

Subscribed and sworn to before me on _____, 2018 to certify which witness my hand and official seal.

_____

Notary Public in and for

_____County, Texas

My commission expires: _____.

CAUSE NO. 2018-CV-0276-A

| | | |
|---|---|---|
| BRENDA L. VALENCIA, | § | IN THE DISTRICT COURT |
| INDIVIDUALLY AND ON BEHALF OF | § | |
| JAV, A MINOR; ELVA LETICIA | § | |
| VEGA, INDIVIDUALLY, AND ON | § | |
| BEHALF OF THE ESTATE OF | § | |
| RAMON VALENCIA MORFIN; AND | § | |
| CLAUDIA VALENCIA | § | 197TH JUDICIAL DISTRICT |
| | § | |
| v. | § | |
| | § | |
| MANAGEMENT AND TRAINING | § | |
| CORPORATION D/B/A MTC | § | WILLACY COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION WITH DISCOVERY REQUESTS & DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, **BRENDA L. VALENCIA, INDIVIDUALLY AND ON BEHALF OF JAV, A**

**MINOR; ELVA LETICIA VEGA, INDIVIDUALLY, AND ON BEHALF OF THE ESTATE OF**

**RAMON VALENCIA MORFIN; AND CLAUDIA VALENCIA**, file this their *Plaintiffs' Original*

*Petition with Discovery Requests & Demand for Jury Trial* and show:

### - INTRODUCTION -

**Suicide is often the single most common cause of death in correctional settings. Jails, prisons, and penitentiaries are responsible for protecting the health and safety of their inmate populations.**
*- Preventing Suicides in Jails and Prisons,* World Health Organization, 2007.

The spouse, children and estate of Mr. Ramon Valencia Morfin bring this wrongful

death and survival action for money damages against Management & Training

Corporation, a private prison operator.

## I.

## DISCOVERY LEVEL

1.     Discovery is intended to be conducted under Level 3 of the Texas Rules of Civil Procedure.

## II.

## PARTIES

2.     Plaintiff, Brenda L. Valencia, individually and on behalf of JAV, a minor, is a resident of Hidalgo County, Texas.

3.     Plaintiff, Elva Leticia Vega, individually and on behalf of the Estate of Ramon Valencia Morfin, is a resident of Hidalgo County, Texas.

4.     Plaintiff, Claudia Valencia, is a resident of Hidalgo County, Texas.

5.     Defendant, Management & Training Corporation (hereafter "MTC") , is a Delaware for-profit corporation doing business in Texas, that may be served by serving its registered agent:

CT Corporation System
1999 Bryan Street, Ste. 900.
Dallas, Texas 75201-3136

## III.

## JURISDICTION AND VENUE

6.     Venue in Willacy County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions occurred in Willacy County, Texas.

7.     Plaintiffs believe each element of damages sought by them is solely within the sound discretion of the jury; and they will rely upon the jury to determine the amount of

damages to be awarded. However, pursuant to Rule 47 of the Texas Rules of Civil Procedure, plaintiffs in Texas are required to state the maximum amount of damages sought in this case. To comply with this rule and based on the facts of each individual case, Plaintiffs state that they shall ask the jury to award between a low of $200,000.00 and a high of $5,000,000.

## IV.

## JURY TRIAL

8.      Plaintiffs request a trial by jury and tender the appropriate fee with this petition.

## V.

## CONDITIONS PRECEDENT

9.      All conditions precedent have been performed or have occurred as required by Texas Rules of Civil Procedure 54.

## VI.

## FACTUAL ALLEGATIONS

10.     On or about July 15, 2016, Mr. Ramon Valencia Morfin, decedent, was a pre-trial detainee housed at the Willacy County Regional Detention Facility ("WCRDF") in Raymondville, Willacy County, Texas.

11.     At all times material, the WCRDF was operated by Defendant, Management & Training Corporation ("MTC").

12.     Mr. Valencia Morfin was held in "Tank 4," a multi-person cell.

13.     Within the WCRDF, MTC operates a commissary which sells pens, pencils and pencil sharpeners to detainees.

14.     Based on information and belief, Mr. Valencia Morfin immediately before injuring

---

himself requested medical and/or mental health attention by the Tank 4 security guard, but none was provided. The security guard assigned to Mr. Valencia Morfin's cell ignored the requests.

15.    Shortly thereafter, Mr. Valencia Morfin committed suicide by stabbing himself in the neck with contraband obtained from other detainees inside the multi-person cell.

16.    Numerous MTC guards stood and watched Mr. Valencia Morfin bleed to death, refusing the enter the multi-person cell to render aid.

17.    MTC guards did not enter the cell until after Mr. Valencia Morfin collapsed.

18.    In fact, the guard assigned to Tank 4 fainted during the episode, and was later terminated by MTC.

19.    Mr. Valencia Morfin was transported to Valley Baptist Medical Center where he was pronounced dead.

20.    Under the U.S. Constitution and the laws of the State of Texas, Plaintiff was presumed innocent.

## VII.

## CAUSES OF ACTION

### (Negligence/Premises)

21.    Plaintiffs incorporate by reference paragraphs 10 through 20.

### - Invitee/Licensee Status -

22.    At the time of the incident, Mr. Valencia Morfin was an invitee, or alternatively, a licensee. Deceased entered Defendant's premises with Defendant's permission.

### - Unreasonably Dangerous Premises -

23.    At the time of the incident made the basis of this lawsuit, Defendant allowed

contraband, including pens and pencils, inside the multi-person cell which created an unreasonably dangerous premises for detainees because said instruments could be easily converted to weapons. By allowing contraband inside in the multi-person tank, Defendant knew said contraband would pose an unreasonable risk of harm since detainees could convert said instruments into weapons, and in turn, the likelihood causing self-harm, including death. Said condition was not suitable to house detainees. Also, a reasonable and prudent private jail operator knows or should have foreseen the risk of injury to a detainee, including suicide.

### - Actual Knowledge -

24.     Additionally, the Defendant had actual knowledge that said contraband can be used as weapons by detainees. Defendant had a duty to remove those instruments or to make conditions reasonably safe.

### - Duty of Care -

25.     Defendant had a duty to make the premises safe, either by warning of the dangerous conditions or by eliminating the risk of harm, but Defendant breached its duty. Also, Defendant failed to exercise ordinary care to protect a detainee in their care and custody, proximately causing his death.

### (Negligence)

26.     Plaintiffs incorporate by reference paragraphs 10 through 20.

27.     Pleading in the alternative, the treatment of Mr. Ramon Valencia Morfin by Defendant its agents and employees fell below the standard of care applicable to correctional facilities including its warden, guards and other security personnel.

28.     Defendant's agents and employees deviated from applicable standards of care for

correctional facilities as follows:

(a) Failure to screen decedent for mental illness and/or suicidal ideation;

(b) Failure to address decedent's request for medical/mental health attention;

(c) Failure to refer decedent to a medical doctor or emergency room;

(d) Failure to take precautions to protect decedent from self-harm;

(e) Failure to remove Mr. Ramon Valencia Morfin from the general population to a smaller cell with continuous monitoring and/or observation;

(f) Failure to transport to a psychiatric care facility; and

(g) Failure to exercise that degree of care that a reasonable and prudent correctional facility would have exercised under like or similar circumstance.

29.     Said breaches by Defendant were the proximate cause of Mr. Valencia Morfin's death.

### (Negligent Undertaking)

30.     Plaintiff incorporates by reference paragraphs 10 through 20.

31.     Alternatively,   because they stood and watched Mr. Valencia Morfin kill himself, Defendant's employees failed to take control of the situation.  Defendant's agents and employees failed to undertake duties that were necessary to preserve Mr. Valencia Morfin's life.  Specifically, Defendant, by and through its agents and employees, failed to exercise reasonable care by not (1) entering into the multi-person cell; (2) restraining Mr. Valencia Morfin from self injury; (3) removing the sharp objects used by Mr. Valencia Morfin to injure himself; (4) taking immediate steps to stop decedent's bleeding; and (5) immediately calling for emergency medical personnel and transport to a hospital.

32.     Defendant's employees increased the risk of harm in that they failed to control Mr.

Valencia Morfin from injuring himself.

33.     Defendant's failure noted above was the proximate cause of Mr. Valencia Morfin's death.

### (Negligent Supervision/Retention/Training)

34.     Plaintiffs incorporate by reference paragraphs 10 through 20.

35.     Alternatively, Defendant did not have competent guards with suicide prevention training. Moreover, Defendant's Team Leaders/Supervisors were absent at the time of the incident. Defendant's failure to have employees with superior knowledge of safety/suicide prevention training practices and procedures supervising low-level employees proximately caused Mr. Ramon Valencia Morfin's death.

36.     Alternatively, based on information and belief, Defendant retained guards, who were known to avoid job duties and engage in unsafe practices during work hours. Defendant's retention of guards with known propensities for unsafe acts and omissions proximately caused Mr. Ramon Valencia's Morfin's death.

37.     Alternatively, at the time of the incident, Defendant did not have employees with suicide prevention training present. Defendant's failure to train low-level employees with adequate suicide prevention training practices and procedures proximately caused Mr. Ramon Valencia Morfin's death.

### VIII.

### VICARIOUS LIABILITY

38.     At all times relevant hereto Plaintiffs assert respondent superior liability against Defendant, MTC, for the acts and omissions committed by its employees and agents.

---

## IX.

## SURVIVAL ACTION & DAMAGES

39.     Plaintiff, Elva Leticia Vega, is the spouse, heir and representative of the Estate of Ramon Valencia Morfin; and Plaintiff is entitled to bring this survival action pursuant to Texas Civil Practice and Remedies Code Section 71.021. Plaintiff brings the following survival claims and causes of action against Defendant as stated herein. Defendant's tortious acts and omissions proximately caused Decedent's injuries that Decedent sustained prior to his death. Prior to his death, Decedent had viable personal injury claims and causes of action against Defendant, MTC. Decedent would have been entitled to bring an action for the personal injuries he sustained in the incident made the basis of this lawsuit, if he had lived.

40.     Accordingly, Plaintiff as spouse, heir and representative of the Estate of Ramon Valencia Morfin sues and makes survival claims including on behalf of said Estate against Defendant for Decedent's medical expenses; pain and suffering; mental anguish; funeral expenses; exemplary damages; court costs and prejudgment and post judgment interest.

## X.

## WRONGFUL DEATH & DAMAGES

41.   Plaintiffs, **BRENDA L. VALENCIA, INDIVIDUALLY AND ON BEHALF OF JAV, A MINOR; ELVA LETICIA VEGA, INDIVIDUALLY, AND ON BEHALF OF THE ESTATE OF RAMON VALENCIA MORFIN; AND CLAUDIA VALENCIA**, are the spouse and children of Decedent and are entitled to bring this wrongful death action pursuant to Texas Civil Practice and Remedies Code Section 71.001, et seq. Plaintiffs bring the following wrongful death claims and causes of action against Defendant as stated herein. Defendant's tortious

acts and omissions proximately caused Decedent's severe physical injuries and death. Each of said tortious acts and omissions (including those described throughout this pleading) constitutes a wrongful act and/or constitutes neglect, and/or carelessness, and/or unskillfulness, and/or default by Defendant, MTC. Decedent would have been entitled to bring an action against Defendant for his injuries, if he had lived. Plaintiffs sustained actual injuries as a result of the incident made the basis of this lawsuit.

42.     Accordingly, Plaintiffs, **BRENDA L. VALENCIA, INDIVIDUALLY AND ON BEHALF OF JAV, A MINOR; ELVA LETICIA VEGA, INDIVIDUALLY, AND ON BEHALF OF THE ESTATE OF RAMON VALENCIA MORFIN; AND CLAUDIA VALENCIA**, sue and make claims against Defendant for the wrongful death of Decedent Ramon Valencia Morfin as stated herein and makes claims against Defendant for loss of services; loss of earnings; future support; advice, care maintenance, mental anguish in the past and future; loss of companionship and society; loss of consortium; court costs and prejudgment and post judgment interest. As a further result of the nature and the consequences of their injuries, Plaintiffs have suffered great mental and emotional pain, suffering, and anguish, and in all reasonable probability Plaintiffs will continue to suffer in this manner for a long time into the future, if not for the balance of their natural lives.

## XI.

## EXEMPLARY DAMAGES

43.     The wrongful conduct of Defendant, as set forth above, when viewed objectively from said Defendant's respective standpoints at the time it occurred, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others; and said Defendant had actual, subjective awareness of the risk, but still proceeded with

a conscious indifference to the rights, safety and welfare of others. In addition to the above bases, the entity defendants are *additionally* liable in exemplary damages because, regardless of whether the entities committed gross negligence in their own right, each of said entities authorized and/or ratified its representative's / agent's / employees' misconduct (as described herein). Accordingly, Plaintiffs sue Defendant for exemplary damages to be determined by the trier of fact.

## XII.

## DAMAGES

44.     Defendant, MTC, breached its duty of care, proximately causing Plaintiffs' personal injuries, including the following damages:

A.    The physical pain and suffering sustained by Plaintiffs from date of injury to the time of trial;

B.    Future physical pain and suffering reasonably anticipated to be sustained by Plaintiffs in the future;

C.    Mental anguish and suffering sustained by Plaintiffs from date of injury to the time of trial;

D.    Mental anguish and suffering which is reasonably anticipated to be suffered by Plaintiffs in the future; and

E.    Reasonable and necessary medical/mental health expenses incurred by Plaintiffs in the past and future.

## XIII.

## EXHIBITS

45.     Plaintiffs incorporate by reference the following Exhibit:

**EXHIBIT A:**  Plaintiff, Brenda L. Valencia, Individually, First Set of Interrogatories, Requests for Production, Requests for Admissions & Requests for Disclosure to Defendant Management & Training Corporation d/b/a ("MTC").

---

## PRAYER FOR RELIEF

46.    WHEREFORE PREMISES CONSIDERED, Plaintiffs **BRENDA L. VALENCIA,**
**INDIVIDUALLY AND ON BEHALF OF JAV, A MINOR; ELVA LETICIA VEGA,**
**INDIVIDUALLY, AND ON BEHALF OF THE ESTATE OF RAMON VALENCIA MORFIN;**
**AND CLAUDIA VALENCIA** pray that Defendant be cited to appear and answer, and that
on final trial, Plaintiffs recover the following:

1.    Judgment against Defendant MTC for damages within the jurisdictional limits
      of the Court;

2.    Prejudgment interest as provided by law;

3.    Post judgment interest as provided by law;

4.    Costs of suit;

5.    Medical expenses in the past;

6.    Pain and suffering in the past and future;

7.    Mental anguish in the past and future;

8.    Loss of companionship and society;

9.    Loss of consortium;

10.   Loss of services;

11.   Funeral and burial expenses;

12.   Such other and further relief to which Plaintiffs have requested herein and
      may be justly entitled.

Respectfully submitted,

**RUIZ LAW FIRM, P.L.L.C.**
118 W. Pecan Blvd.
McAllen, TX 78501
Telephone:  (956) 259-8200
Telecopier:  (956) 259-8203

Mauro F. Ruiz
State Bar No. 24007960
**e-File ONLY:** admin@mruizlaw.com
mruiz@mruizlaw.com
**ATTORNEY FOR PLAINTIFF**

Filed 7/5/2018 10:13 AM
Isabel Adame
District Clerk
Willacy County, Texas
Reviewed By: Isabel Mejia

CAUSE NO: _____

| | | |
|---|---|---|
| BRENDA L. VALENCIA, | § | IN THE DISTRICT COURT |
| INDIVIDUALLY AND ON BEHALF OF | § | |
| JAV, A MINOR; ELVA LETICIA VEGA, | § | |
| INDIVIDUALLY, AND ON BEHALF OF | § | |
| THE ESTATE OF RAMON VALENCIA | § | |
| MORFIN; AND CLAUDIA VALENCIA | § | 197TH JUDICIAL DISTRICT |
| | § | |
| v. | § | |
| | § | |
| MANAGEMENT & TRAINING | § | |
| CORPORATION D/B/A MTC | § | WILLACY COUNTY, TEXAS |

---

### PLAINTIFF BRENDA L. VALENCIA, INDIVIDUALLY, FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, REQUESTS FOR ADMISSIONS & REQUESTS FOR DISCLOSURES TO DEFENDANT MANAGEMENT & TRAINING CORPORATION D/B/A ("MTC")

---

**TO:** **MANAGEMENT & TRAINING CORPORATION,** by and through its registered agent, in the above-styled and numbered cause:

CT Corporation System
1999 Bryan Street, Ste. 900
Dallas, Texas 75201-3136

Pursuant to the Texas Rules of Civil Procedure, Plaintiff serves these Interrogatories, Requests for Production, Requests for Admissions and Requests for Disclosures upon you. The answers to interrogatories shall be made under oath, separately and fully in writing and the responses request for production shall be made, within fifty (50) days after the service of such interrogatories, requests for production, requests for admissions, and requests for disclosures shall be served on the undersigned counsel of record. Plaintiff also requests that Defendant continue to supplement her responses to these discovery requests as per the Texas Rules of Civil Procedure.

EACH OF THE FOLLOWING INTERROGATORIES AND REQUEST FOR PRODUCTION SHALL INCORPORATE THE FOLLOWING DEFINITIONS:

**DEFINITIONS:** These definitions shall have the following meanings, unless the context requires otherwise:

1. "Plaintiff," or "Ramon Valencia Morfin" means the deceased Mr. Valencia Morfin, his agents, representatives, and all other persons acting in concert with his, or under his control, whether directly or indirectly, including any attorney.

2. "Defendant," or "MTC" means Management & Training Corporation, its agents, representatives, and all other persons acting in concert with them, or under their control, whether directly or indirectly, including any attorney.

3. "You" or "your" means Defendant, Management & Training Corporation or "MTC".

4. "Document(s)" means all written, typed, or printed matter and all magnetic or other records or documentation of any kind or description (including, without limitation, letters, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records, or notations of telephone or personal conversations, conferences, inter-office communications, E-mail, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape recordings, computer printouts and work sheets, including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, and all compilations of data from which information can be obtained and any and all writings or recordings of any type or nature), in your actual possession, custody or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you.

5. "File" means any collection or group of documents maintained, held, sorted, or used together, including, without limitation, all collections of documents maintained, held or stored in folders, notebooks, or other devices for separating or organizing documents.

6. "Communication" means any oral or written communication of which the Defendant has knowledge, information, or belief.

7. "Date" means the exact date, month, and year, if ascertainable, or if not, the best available approximation.

8. "Describe" or "identify," when referring to a person, means you must state the following:

   a. The full name.
   b. The present or last known residential address; & the present or last known office address and telephone numbers.
   c. The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory.
   d. In the case of any person other than an individual, identify the officer, employee, or agent most closely connected with the subject matter of the interrogatory, and the officer who is responsible for supervising that officer or employee.

9. "Describe" or "identify," when referring to a document, means you must state the

---

following:

    a.    The nature (*e.g.*, letter, handwritten note) of the document.

    b.    The title or heading that appears on the document.

    c.    The date of the document and the date of each addendum, supplement, or other addition or change.

    d.    The identity of the author and of the singer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.

    e.    The present location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

10.    The word "and" means "and/or."

11.    The word "or" means "or/and."

12.    The word "any" means "any and all."

13.    "Event" or "incident", unless otherwise indicated, means the event or incident made the basis of this lawsuit.

14.    "Time of incident" or "date of incident " or "incident date" means the date and time of the incident made the basis of this lawsuit, on or about July 15, 2016.

15.    "Including" means including but not limited to.

16.    "Possession" means possession, custody, or control, and includes not only actual physical possession, but also constructive possession as defined by the Texas Rules of Civil Procedure.

17.    "Subject Incident" refers to the incidents which occurred July 15, 2016.

*Valencia v. MTC*

Plaintiff, Brenda L. Valencia, Individually, First Set of
Interrogatories, Requests for Production, Requests for Admission
& Requests for Disclosure to Defendant Management & Training
Corporation                     **Page 3**

Respectfully submitted,

**RUIZ LAW FIRM, P.L.L.C.**
118 W. Pecan
McAllen, Texas 78501
Telephone: (956) 259-8200
Telecopier: (956) 259-8203


    */s/ Mauro F. Ruiz*
Mauro F. Ruiz
State Bar No. 24007960
**e-File ONLY:** admin@mruizlaw.com
mruiz@mruizlaw.com
**ATTORNEY FOR PLAINTIFF**

*Valencia v. MTC*                    Plaintiff, Brenda L. Valencia, Individually, First Set of
Interrogatories, Requests for Production, Requests for Admission
& Requests for Disclosure to Defendant Management & Training
Corporation                                                    **Page 4**

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**:
From 2000 to the present, produce agreements, contracts, and/or memoranda of understanding between you and Willacy County, the Willacy County Local Government Corporation and any entity created by Willacy County with which you contracted regarding correctional services.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 2**:
From 2000 to the present, produce agreements, contracts, and/or memoranda of understanding between you and the federal government, including its agencies and departments regarding correctional services in Willacy County.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 3**:
From 2012 to the present, produce agreements, contracts, and/or memoranda of understanding between you and any medical healthcare provider that was responsible for providing medical services to federal pre-trial detainees from 2012 to the present **at** the facility housing Plaintiff in July 2016.

**REQUEST FOR PRODUCTION NO. 4**:
From 2012 to the present, produce agreements, contracts, and/or memoranda of understanding between you and any mental healthcare provider that was responsible for providing medical services to federal pre-trial detainees **at** the facility housing Plaintiff in July 2016.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 5**:
For each year from 2012 to the present, produce agreements, contracts, and/or memoranda of understanding between you and any medical healthcare provider that was responsible for providing medical services to federal pre-trial detainees **somewhere other than** the facility housing Plaintiff in July 2016.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 6**:
For each year from 2012 to the present, produce agreements, contracts, and/or memoranda of understanding between you and any mental healthcare provider that was responsible for providing medical services to federal pre-trial detainees **somewhere other than** the facility housing Plaintiff in July 2016.

*Valencia v. MTC*

Plaintiff, Brenda L. Valencia, Individually, First Set of Interrogatories, Requests for Production, Requests for Admission & Requests for Disclosure to Defendant Management & Training Corporation                                    **Page 5**

**REQUEST FOR PRODUCTION NO. 7**:
Produce agreements, contracts, and/or memoranda of understanding between you and any emergency medical services healthcare provider that was responsible for providing said services to federal pre-trial detainees at the facility housing Plaintiff in July 2016.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8**:
Produce agreements, contracts, and/or memoranda of understanding between you and any hospital that was responsible for providing said services to federal pre-trial detainees at the facility housing Plaintiff in July 2016.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**:
Produce investigative reports by law enforcement, including all federal agencies, the U.S. Department of Justice, U.S. Bureau of Prisons, U.S. Marshals, Homeland Security, Border Patrol, state, county, and municipal police, regarding the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10**:
Produce your investigation, including but not limited to internal reports, retained third party reports, consultant into the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11**:
Produce the pre-trial detainee file of Plaintiff in your possession.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12**:
Produce video/digital recordings of Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13**:
Produce the personnel file, including suicide prevention training and emergency training, of each MTC employee who was on duty at the time of the incident made the basis of this lawsuit at the facility housing Mr. Ramon Valencia Morfin. (Note: This request is limited to persons who are no longer employees of MTC.)

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 14:

Produce the personnel file, including suicide prevention training and emergency training, of each MTC employee who was on duty at the time of the incident made the basis of this lawsuit at the facility housing Mr. Ramon Valencia Morfin, but who are not currently MTC employees. (Note: This request is limited to persons who were employees in mid-July 2016 and continue to be of MTC.)

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 15:

Produce the personnel file, including suicide prevention training and emergency training, of the security guard who fainted after witnessing the incident made the basis of this lawsuit.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 16:

For each year from 2006 to the present, produce your policies, protocols and practices concerning mental health screening of U.S. Marshal pre-trial detainees in your custody, including but not limited to the facility housing Plaintiff.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 17:

For each year from 2006 to the present, produce your policies, protocols and practices concerning medical/physical health screening of U.S. Marshal pre-trial detainees in your custody, including but not limited to the facility housing Plaintiff.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 18:

For each year from 2006 to the present, produce your policies, protocols and practices concerning the monitoring of U.S. Marshal pre-trial detainees in your custody; including but not limited to the facility housing Plaintiff.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 19:

For each year from 2006 to the present, produce your policies, protocols and practices concerning suicide prevention in U.S. Marshall pre-trial detainee populations in your custody, including but not limited to the facility housing Plaintiff.

## RESPONSE:

*Valencia v. MTC*                Plaintiff, Brenda L. Valencia, Individually, First Set of
                                 Interrogatories, Requests for Production, Requests for Admission
                                 & Requests for Disclosure to Defendant Management & Training
                                 Corporation                                          Page 7

**REQUEST FOR PRODUCTION NO. 20:**
For each year from 2006 to the present, produce applicable FEDERAL GUIDELINES, policies, protocols and practices concerning mental health screening of U.S. Marshal pre-trial detainees in your custody, including but not limited to the facility housing Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**
For each year from 2006 to the present, produce applicable FEDERAL GUIDELINES, policies, protocols and practices concerning medical/physical health screening of U.S. Marshal pre-trial detainees in your custody, including but not limited to the facility housing Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**
For each year from 2006 to the present, produce applicable FEDERAL GUIDELINES, policies, protocols and practices concerning the monitoring of U.S. Marshal pre-trial detainees in your custody, including but not limited to the facility housing Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**
For each year from 2006 to the present, produce applicable FEDERAL GUIDELINES, policies, protocols and practices concerning suicide prevention in U.S. Marshall pre-trial detainee populations in your custody, including but not limited to the facility housing Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**
Produce the forms completed after conducting mental health screening of Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**
Produce the forms completed after conducting medical health screening of Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**
Produce documents reflecting medical attention provided to Plaintiff while in your custody.

**RESPONSE:**

*Valencia v. MTC*       Plaintiff, Brenda L. Valencia, Individually, First Set of
Interrogatories, Requests for Production, Requests for Admission
& Requests for Disclosure to Defendant Management & Training
Corporation           **Page 8**

**REQUEST FOR PRODUCTION NO. 27**:
Produce documents reflecting mental health care provided to Plaintiff while in your custody.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 28**:
From 2006 to the present, produce lawsuits against MTC where a person in MTC's custody committed self-harm.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 29**:
From 2006 to the present, produce lawsuits against MTC where a person in MTC's custody committed suicide.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 30**:
Produce logs reflecting monitoring and supervision of Plaintiff while in your custody.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 31**:
Produce medical certificates for all medically-trained personnel, including agents, employees or independent contractors, on duty at the time of the incident made the basis of this lawsuit at the facility housing Plaintiff.

**REQUEST FOR PRODUCTION NO. 32**:
For the facility housing Mr. Valencia Morfin, produce the policies issued by any federal department or federal agency, including but not limited to the U.S. Marshals office, Bureau of Prisons concerning contraband inside multi-person cells in effect on the date of the incident made the basis of this lawsuit at the facility housing Plaintiff.

**REQUEST FOR PRODUCTION NO. 33**:
For the facility housing Mr. Valencia Morfin, produce the policies issued by any federal department or federal agency, including but not limited to the U.S. Marshals office, Bureau of Prisons concerning writing instruments, including pens, pencils inside multi-person cells in effect on the date of the incident made the basis of this lawsuit at the facility housing Plaintiff.

## END OF REQUESTS FOR PRODUCTION

*Valencia v. MTC*

Plaintiff, Brenda L. Valencia, Individually, First Set of
Interrogatories, Requests for Production, Requests for Admission
& Requests for Disclosure to Defendant Management & Training
Corporation                                               **Page 9**

# INTERROGATORIES

**INTERROGATORY NO. 1:**
To all persons answering these Interrogatories: please state your name, your business address and telephone number, your relations to Defendant, MTC.

**ANSWER:**

**INTERROGATORY NO. 2:**
What policies and practices were in place on the incident date concerning suicide prevention by detainees?

**ANSWER:**

**INTERROGATORY NO. 3:**
What policies and practices were in place on the incident date concerning the monitoring and supervision of suicidal detainees?

**ANSWER:**

**INTERROGATORY NO. 4:**
Identify the persons responsible for guarding Plaintiff at the MTC facility where he was housed.

**ANSWER:**

**INTERROGATORY NO. 5:**
Was Plaintiff monitored via closed circuit camera at the time of the subject incident?

**ANSWER:**

**INTERROGATORY NO. 6:**
Identify the name of each detainee housed in your Texas facilities who committed suicide, the date of suicide and identify the government or government agency holding the detainee.

**ANSWER:**

**INTERROGATORY NO. 7:**
For the facility housing Plaintiff, what policies, practices, and/or protocols were changed concerning mental health screening and monitoring of suicidal detainees after the date of Plaintiff's death. (Please identify the date(s) changes were made.)

**ANSWER:**

*Valencia v. MTC*                   Plaintiff, Brenda L. Valencia, Individually, First Set of
                                    Interrogatories, Requests for Production, Requests for Admission
                                    & Requests for Disclosure to Defendant Management & Training
                                    Corporation                          **Page 10**

## INTERROGATORY NO. 8:

For Texas facilities housing detainees, what policies, practices, and/or protocols were changed after the date of Plaintiff's death. (Please identify the date(s) changes were made.)

## ANSWER:

## INTERROGATORY NO. 9:

Identify the medically-trained personnel, including agents, employees or independent contractors, on duty at the time of the incident made the basis of this lawsuit.

## ANSWER:

## END OF INTERROGATORIES

*Valencia v. MTC*                     Plaintiff, Brenda L. Valencia, Individually, First Set of
                                      Interrogatories, Requests for Production, Requests for Admission
                                      & Requests for Disclosure to Defendant Management & Training
                                      Corporation                                        **Page 11**

## REQUEST FOR ADMISSION

### REQUEST FOR ADMISSIONS NO. 1:
Admit the state district court of Willacy County, Texas, has jurisdiction over this matter.

### RESPONSE:

### REQUEST FOR ADMISSIONS NO. 2:
Admit venue is proper in Willacy County.

### RESPONSE:

### REQUEST FOR ADMISSIONS NO. 3:
Admit MTC was  not a emergency medical service provider as defined by CPRC 74.001 (Definitions) on the date of the incident.

### RESPONSE:

### REQUEST FOR ADMISSIONS NO. 4:
Admit MTC did not provide health care as defined by CPRC 74.001( Definitions) on the date of the incident.

### RESPONSE:

### REQUEST FOR ADMISSIONS NO. 5:
Admit MTC is not a health care institution as defined by CPRC 74.001 (Definitions)

### RESPONSE:

### REQUEST FOR ADMISSIONS NO. 6:
Admit MTC is not a health care provider as defined by CPRC 74.001 (Definitions)

### RESPONSE:

### REQUEST FOR ADMISSIONS NO. 7:
Admit MTC is not a home and community support agency as defined by CPRC 74.001 (Definitions) .

### RESPONSE:

### REQUEST FOR ADMISSIONS NO. 8:
Admit MTC is not a hospice as defined by CPRC 74.001 (Definitions)

### RESPONSE:

---

**REQUEST FOR ADMISSIONS NO. 9:**
Admit MTC is not a hospital as defined by CPRC 74.001 (Definitions)

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 10:**
Admit MTC is not a hospital system as defined by CPRC 74.001 (Definitions)

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 11:**
Admit MTC is not an intermediate health care facility for the mentally retarded as defined by CPRC 74.001 (Definitions)

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 12:**
Admit MTC did not provide medical care to Plaintiff as defined by CPRC 74.001 (Definitions).

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 13:**
Admit MTC is not a nursing home as defined by CPRC 74.001 (Definitions)

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 14:**
Admit MTC is not a pharmacist as defined by CPRC 74.001 (Definitions)

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 15:**
Admit MTC is not a physician as defined by CPRC 74.001 (Definitions)

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 16:**
Admit MTC did not provide professional or administrative services to Plaintiff on the incident date as defined by CPRC 74.001 (Definitions).

**RESPONSE:**

*Valencia v. MTC*                Plaintiff, Brenda L. Valencia, Individually, First Set of
Interrogatories, Requests for Production, Requests for Admission
& Requests for Disclosure to Defendant Management & Training
Corporation                                    **Page 13**

**REQUEST FOR ADMISSIONS NO. 17:**
Admit MTC sold pencils at the facility where Plaintiff was housed at the time of the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 18:**
Admit MTC sold pens at the facility where Plaintiff was housed at the time of the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 19:**
Admit MTC sold pencil sharpeners at the facility was Plaintiff was housed at the time of the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 20:**
Admit MTC provide pencils to detainees at the facility where Plaintiff was housed at the time of the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 21:**
Admit MTC provided pens to detainees at the facility where Plaintiff was housed at the time of the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 22:**
Admit MTC provided pencil sharpeners to detainees at the facility was Plaintiff was housed at the time of the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 23:**
Admit MTC allowed detainees to have pencils at the facility where Plaintiff was housed at the time of the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 24:**
Admit MTC allowed detainees to have pens at the facility where Plaintiff was housed at the time of the incident made the basis of this lawsuit.

*Valencia v. MTC*      Plaintiff, Brenda L. Valencia, Individually, First Set of
Interrogatories, Requests for Production, Requests for Admission
& Requests for Disclosure to Defendant Management & Training
Corporation     **Page 14**

<u>**RESPONSE:**</u>

<u>**REQUEST FOR ADMISSIONS NO. 25:**</u>
Admit MTC allowed detainees to have pencil sharpeners to detainees at the facility was Plaintiff was housed at the time of the incident made the basis of this lawsuit.

<u>**RESPONSE:**</u>

<u>**REQUEST FOR ADMISSIONS NO. 26:**</u>
Admit pencils can be instruments of death.

<u>**RESPONSE:**</u>

<u>**REQUEST FOR ADMISSIONS NO. 27:**</u>
Admit pens can be instruments of death.

<u>**RESPONSE:**</u>

<u>**REQUEST FOR ADMISSIONS NO. 28:**</u>
Admit MTC undertook the responsibility to keep Plaintiff alive.

<u>**RESPONSE:**</u>

<u>**REQUEST FOR ADMISSIONS NO. 29:**</u>
Admit MTC had a duty to maintain Plaintiff alive while Plaintiff was housed at MTC's facility.

<u>**RESPONSE:**</u>

<u>**END OF REQUESTS FOR ADMISSION**</u>

*Valencia v. MTC*  Plaintiff, Brenda L. Valencia, Individually, First Set of
Interrogatories, Requests for Production, Requests for Admission
& Requests for Disclosure to Defendant Management & Training
Corporation  **Page 15**

## REQUESTS FOR DISCLOSURE

Plaintiff requests that Defendant, MTC respond to Tex. Rule of Civ. Proc. 194.2 (a) - (l) by no later than fifty (50) days after being served.

*Valencia v. MTC*

Plaintiff, Brenda L. Valencia, Individually, First Set of
Interrogatories, Requests for Production, Requests for Admission
& Requests for Disclosure to Defendant Management & Training
Corporation                                                Page 16

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____ COURT *(FOR CLERK USE ONLY):* _____

STYLED _____

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br><br>Mauro F. Ruiz | Email:<br><br>mruiz@mruizlaw.com | Plaintiff(s)/Petitioner(s):<br><br>*Brenda L. Valencia<br>Individually, et al.* | ☐ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____ |
| Address:<br><br>118 W. Pecan Blvd. | Telephone:<br><br>956-259-8200 | | Additional Parties in Child Support Case: |
| City/State/Zip:<br><br>McAllen, Texas 78501 | Fax:<br><br>956-259-8203 | Defendant(s)/Respondent(s):<br><br>*Management<br>Training Corporation<br>dba MTC* | Custodial Parent:<br><br>Non-Custodial Parent: |
| Signature:<br><br>/s/ Mauro F. Ruiz | State Bar No:<br><br>24007960 | [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case *(select only 1):***

| Civil | | | Family Law | |
|---|---|---|---|---|
| | | | | **Post-judgment Actions (non-Title IV-D)** |
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability: | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other |
| *Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | | | | **Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order |
| | ☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product:<br><br>☑ Other Injury or Damage:<br>*Negligence* | **Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus— Pre-indictment<br>☐ Other: | **Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: | **Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: | | |

**3. Indicate procedure or remedy, if applicable *(may select more than 1):***

| | | | | |
|---|---|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover | |

**4. Indicate damages sought *(do not select if it is a family law case):***

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

# Exhibit C

# Citation

THE STATE OF TEXAS

To: **Management and Training Corporation D/B/A MTC**
**c/o Reg. Agent, CT Corporation System**
**1999 Bryan Street, Ste. 900**
**Dallas, TX 75201-3136**

**Defendant** in the hereafter-styled and numbered cause **2018-CV-0276-A**

YOU ARE HEREBY COMMANDED TO APPEAR before the 197th District Court of **Willacy** County, Texas to be held at the courthouse of said county in the City of **Raymondville**, Willacy County, Texas, by filing a written answer to the **Original Petition with Discovery Requests & Demand for Jury Trial** of Plaintiffs **Brenda L. Valencia, Individually and on Behalf of Jav, a Minor; Elva Leticia Vega, Individually, and on Behalf of the Estate of Ramon Valencia Morfin; and Claudia Valencia** at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause number **2018-CV-0276-A** styled, **Brenda L. Valencia, Individually and on Behalf of Jav, a Minor; Elva Leticia Vega, Individually, and on Behalf of the Estate of Ramon Valencia Morfin; and Claudia Valencia v. Management and Training Corporation D/B/A MTC** filed in said court on this the **5th day of July, 2018.**

**Plaintiffs** are represented by **Mauro F. Ruiz** whose address is **118 W. Pecan, McAllen, TX 78501.**

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the
**5th day of July, 2018.**

Isabel Adame, District Clerk
of Willacy County, Texas
576 West Main Street, Suite 101
Raymondville, Texas 78580
BY: _____

NOTICE
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

**Return to Court**

## Return of Citation

Came to hand on the __10th__ day of __July__, 2018, at __12l3__ o'clock __P__.M.
*Executed at __McAllen, Texas__, within the County of __Hidalgo__
at __2:40__ o'clock __p__.M. on the __16th__ day of __July__
_____, 2018, by delivering to the within named __Management and Training Corporation c/o C.T. Corporation__
__via CMRRR 7018 0680 0000 0868 9281__ ~~in person~~, a true copy of this such petition to such copy of citation
and endorsed on such copy of citation the date of delivery.

*Not executed, the diligence used to execute being _____;

for the following reason _____, the defendant may
be found _____.

Fee for serving this citation $_____

TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY
_____

Signature of person serving citation
_____Hidalgo_____ County Texas

By _____ Deputy

VERIFICATION

State of Texas
County of __Hidalgo__
Before me, on this day personally appeared __Matthew M. Hughes__, who being duly
sworn on his oath deposed and said that he is of sound mind, and in no manner interested in the
within styled and numbered cause, and competent to make the oath of the facts herein stated, and
that he has read the foregoing Return of Citation and that every statement contained therein is within
his personal knowledge true and correct.

_____

Signature of authorized person serving citation

Subscribed and sworn to before me on __7-20-__, 2018 to certify which witness
my hand and official seal.

_____

Notary Public in and for
____Hidalgo____ County, Texas
My commission expires: __2-24-2021__

TOMASA A BELEZ
Notary ID # 12234977
My Commission Expires
February 24, 2021

7018 0680 0000 0868 9281

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

| Certified Mail Fee | $ |
| Extra Services & Fees (check box, add fee as appropriate) | $ |
| ☐ Return Receipt (hardcopy) | $ |
| ☐ Return Receipt (electronic) | $ |
| ☐ Certified Mail Restricted Delivery | $ |
| ☐ Adult Signature Required | $ |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $ |
| Total Postage and Fees | $ |

Sent To CT Corporation System
Street & 1999 Bryan Street, Ste. 900.
City, State, ZIP+4® Dallas, Texas 75201-3136

Postmark Here

JUL 11 2018

OFFICIAL USE

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CT Corporation System
1999 Bryan Street, Ste. 900.
Dallas, Texas 75201-3136

9590 9402 3706 7335 4974 33

2. Article Number (Transfer from service label)

7018 0680 0000 0868 9281

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Antionette M Scott_          ☐ Agent
   Antionette Williams          ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

# USPS Tracking®

FAQs > (http://faq.usps.com/?articleId=220900)

## Track Another Package +

**Tracking Number:** 70180680000008689281

Remove ✕

**Expected Delivery on**

# MONDAY

# 16 JULY 2018 ⓘ

by

**8:00pm** ⓘ

## ⊘ Delivered

July 16, 2018 at 945 am
Delivered
DALLAS, TX 75201

**Get Updates** ∨

---

Text &Email Updates                                    ∨

---

Tracking History                                       ∨

---

Product Information                                    ∨

---

**See Less** ∧

# Can't find what you're looking for?

# Exhibit D

CAUSE NO. 2018-CV-0276-A

| | | |
|---|---|---|
| BRENDA L. VALENCIA, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND ON BEHALF OF JAV, A MINOR; | § | |
| ELVA LETICIA VEGA, INDIVIDUALLY, | § | |
| AND ON BEHALF OF THE ESTATE OF | § | |
| RAMON VALENCIA MORFIN; AND | § | |
| CLAUDIA VALENCIA, | § | |
| | § | |
| Plaintiffs, | § | 197th JUDICIAL DISTRICT |
| | § | |
| v. | § | |
| | § | |
| MANAGEMENT AND TRAINING | § | |
| CORPORATION D/B/A MTC, | § | |
| | § | |
| Defendant. | § | WILLACY COUNTY, TEXAS |

**DEFENDANT MANAGEMENT & TRAINING CORPORATION'S
ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant MANAGEMENT & TRAINING CORPORATION, Defendant in the above-styled and numbered cause, files this its Original Answer and for such answer, shows the Court as follows:

**I.
GENERAL DENIAL**

Defendant denies each and every, all and singular, the allegations contained in Plaintiffs' Original Petition and demands strict proof thereof.

**II.
THIRD PARTY CAUSATION**

If Plaintiffs have been damaged as a result of the conduct of a person or persons other than this Defendant, over whom this Defendant exercised no control and/or for whom this Defendant had no right or duty of supervision or control, the conduct of such other person or persons was a proximate and/or producing cause of Plaintiffs' damages.

### III.
### <u>SOLE PROXIMATE CAUSE; INTERVENING CAUSE</u>

If Plaintiffs were injured or damaged as alleged in the Petition or as otherwise may be shown, such injuries or damages were solely and proximately caused by the independent, intervening, or superseding acts or omissions of other parties or persons for which this Defendant had no right or duty of supervision or control, and Plaintiffs have suffered no injuries or damages as a result of the conduct of Defendant.

### IV.
### <u>COMPARATIVE NEGLIGENCE</u>

Defendant asserts the defense of contributory or comparative negligence and alleges that the damages and injuries alleged in Plaintiffs' Original Petition were legally and proximately caused in whole or in part by the negligence, fault, assumption of the risk, and other culpable conduct of Decedent Ramon Valencia Morfin and/or other persons or parties who failed to exercise the same degree of care and caution, as well as common sense, for the safety of Ramon Valencia Morfin, as would have been exercised by persons using ordinary care, caution and common sense in the same or similar circumstances. Defendant therefore is entitled to have the Court and Jury apply the doctrine of comparative negligence established by Texas Civil Practice and Remedies Code § 33.001, *et seq.*, to reduce any judgment against Defendant by the degree of negligence or fault attributable to any other person or party.

### V.
### <u>SETTLEMENT CREDIT</u>

Defendant is unaware at this time of any settlements between Plaintiffs and any alleged joint tortfeasors. In the event any settlement is or has been made by any alleged joint tortfeasor, however, Defendant is entitled to a full credit, offset, pro-rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling person, and Defendant makes known

4815-3351-3070.1/52089/0101/072718

to the other parties and to the Court that it will avail itself of its rights under Sections 33.012 and 33.015 of the Texas Civil Practice and Remedies Code.

## VI.
## LIMITATION ON RECOVERY OF MEDICAL EXPENSES

Plaintiffs' recovery of medical expenses is limited to those expenses actually paid or incurred on behalf of Plaintiffs pursuant to Texas Civil Practice & Remedies Code § 41.0105.

## VII.
## CONSTITUTIONAL LIMITATION ON RECOVERY OF EXEMPLARY DAMAGES

Plaintiffs' claims for punitive and exemplary damages are barred and/or limited by the Due Process Clause of both the United States and Texas Constitutions.  Defendant further states that an award of punitive or exemplary damages would constitute the imposition of a criminal penalty without safeguards guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States and similar provisions of the Texas Constitution. Furthermore, the imposition of punitive or exemplary damages constitutes an excessive fine under the Eighth Amendment, denies Defendant equal protection of laws under the Fourteenth Amendment, and violates the due process clauses of the Fourth and Fourteenth Amendments. Defendant pleads that any claims by Plaintiffs for exemplary or punitive damages should be stricken as unconstitutional and any award of exemplary or punitive damages should be set aside for the reasons stated above.

## VIII.
## STATUTORY LIMITATION ON RECOVERY OF EXEMPLARY DAMAGES

Plaintiffs' claims for punitive and exemplary damages are barred and/or limited by the limitation on the amount of recovery provided in Chapter 41 of the Texas Civil Practice & Remedies Code § 41.008.

## IX.

Pleading further, Defendant reserves the right to assert any and all additional defenses as may be revealed by further investigation and discovery.

WHEREFORE, PREMISES CONSIDERED, Defendant MANAGEMENT & TRAINING CORPORATION requests that Plaintiffs take nothing by their Original Petition and any subsequent supplemental or amended petitions, and that Defendant MANAGEMENT & TRAINING CORPORATION recover all costs, together with such other and further relief to which it may be justly entitled.

Respectfully submitted,

**CLARK HILL STRASBURGER**
2301 Broadway St.
San Antonio, Texas 78215-1157
(210) 250-6000
(210) 250-6100 (facsimile)


By: /s/ J. Alex Huddleston
      **JOHN ALEX HUDDLESTON**
      State Bar No. 10148400
      alex.huddleston@clarkhillstrasburger.com
      **DEBORAH D. DI FILIPPO**
      State Bar No. 05478600
      deborah.difilippo@clarkhillstrasburger.com

      **ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that on July 27, 2018, a true and correct copy of the foregoing *Defendant Management & Training Corporation's Original Answer* was served on the following known counsel of record in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure:

Mauro F. Ruiz                            admin@mruizlaw.com
Ruiz Law Firm, P.L.L.C.               mruiz@mruizlaw.com
118 W. Pecan Blvd.
McAllen, Texas  78501
*Attorney for Plaintiffs*


                                     /s/ J. Alex Huddleston
                                     JOHN ALEX HUDDLESTON

4815-3351-3070.1/52089/0101/072718

# Exhibit E

# CLARK HILL | **Strasburger**

Writer's Direct Dial: (210) 250-6019
Direct Fax: (210) 258-2720
Email: Alex.Huddleston@clarkhillstrasburger.com

Clark Hill Strasburger
2301 Broadway
San Antonio, TX 78215-1157
T 210.250.6000
F 210.250.6100

**clarkhill.com**

July 27, 2018

Willacy County District Clerk
576 W. Main Ave
Raymondville, Texas 78580

      Re:    Cause No. 2018-CV-0276-A; Brenda L. Valencia, Individually and on behalf of JAV, a Minor; Elva Leticia Vega, Individually and on behalf of the Estate of Ramon Valencia Morfin; and Claudia Valencia v Management and Training Corporation d/b/a MTC

Dear Sir/Madame:

Please accept this letter as my request to obtain a copy of the returned citation and docket sheet in the above-captioned matter. I have enclosed our firm check in the amount of $5.00 to cover your copying expense. Please return the copies to my attention in the enclosed self-addressed stamped envelope.

Thank you for your attention to this matter.

Very truly yours,

Alex Huddleston

AH:lam
Encl.